# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lemberg Law, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>Tammy Hussin, Law Office of Tammy Hussin P.C. d/b/a Hussin Law<br><br>    Defendants | No. 3:15-CV-00737-MPS<br><br>June 29, 2016 |

## RULING ON MOTION FOR RECONSIDERATION

By Order dated April 26, 2016 (ECF No. 97), this Court granted Defendants' Motion to Transfer. (ECF No. 52.) Now pending before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 100.) For the reasons set forth below, reconsideration is GRANTED but the relief sought is DENIED.

Rule 7(c) of the Local Rules of Civil Procedure of the District of Connecticut authorizes motions for reconsideration. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration may not be used to supplement the record. *Smith v. New York City Dept. of Educ.*, 524 Fed. Appx. 730, at *3 (2d Cir. May 2, 2013) ("Smith also sought to supplement record, which is inappropriate on a motion for reconsideration.").

Plaintiff has also submitted an affidavit dated May 9, 2016, setting forth new evidence that it argues the Court should consider. Specifically, Plaintiff provides a new affidavit from Allan Roth, who recants statements he made in his earlier affidavit submitted by Defendants in their Motion to

1

Transfer.  Mr. Roth now alleges that Ms. Hussin pressured him into signing the affidavit and that he did not understand Paragraph 5 of that affidavit.  (ECF No. 102 at 2.)  Paragraph 5 stated that he "never consented to . . . Lemberg Law receiving any portion of the attorney's fees earned by Ms. Hussin on [his] case." (ECF No. 54 at 14.)  Mr. Roth now says that he "assumed the fee split had already been determined" at the time his case was handled, and that he does "not have a problem with Lemberg Law receiving a portion of the fees."  (ECF No. 102 at 3.)

In response, Defendants argue that Mr. Roth's recantation is not credible.  Defendants allege that there is at least one falsehood in the affidavit:  Mr. Roth states that he had no "direct contact" with Ms. Hussin between the time of his settlement and the creation of the affidavit.  (ECF No. 102 at 2.)  Ms. Hussin has provided emails and LinkedIn messages between her and Mr. Roth during that time period.  (ECF No. 116 at 17-20.)  Defendants also argue that given Mr. Roth's 40 year career as a Special Agent Supervisor with the California Department of Justice and his familiarity with the criminal justice system, it is unlikely that he "would agree to execute an untrue declaration under penalty of perjury."  (ECF No. 115 at 11.)

Mr. Roth's affidavit does not provide a basis to change the Court's ruling on the Motion to Transfer.  First, although the new affidavit may undermine Defendants' defense and counterclaims, it only adds to the factual disputes between the parties and underscores the need for an evidentiary hearing (or trial) involving witnesses who mostly reside in California.  It thus supports the conclusion in the Court's ruling that the case should be transferred in part for the convenience of non-party witnesses.  Mr. Roth's testimony will have to be heard and assessed along with that of the other California-based clients who submitted affidavits in support of Defendants' motion.  The fact that his affidavit tells a different story from their affidavits does not make it any more convenient for all of these non-party witnesses to travel to Connecticut to testify.  As the Court's original ruling explained, the Southern District of California is a more convenient locale to hear that testimony.

Second, Mr. Roth's new affidavit is immaterial, because the Court would have granted Defendants' Motion to Transfer without his original affidavit.  Defendants presented affidavits from five other client witnesses in their Motion, and all of them stated that they did not know that they were contracting with Lemberg Law, let alone agreeing to a fee split.  (*See* ECF No. 54 at 6, 8, 10, 12, 15.)  As Defendants point out, Mr. Roth's affidavit stated only that he did not agree to the fee split.  (ECF No. 54 at 14.)  His affidavit did not allege that he did not retain Lemberg Law or that he was charged unlawfully, as the other client witness affidavits did.  Mr. Roth's statements were not essential to the Court's decision to grant Defendants' Motion to Transfer, and had the affidavit not been submitted, the decision would have remained the same.  Even without Mr. Roth, Defendants presented affidavits from five other client witnesses who they intend to call to testify in support of their affirmative defense that the fee-division agreement is unlawful under California law.  All of those witnesses reside in California.

Further, Plaintiff's argument that Mr. Roth's recantation "calls into question the veracity of each and every affidavit submitted by Hussin" is without merit.  With their response, Defendants filed three supplemental affidavits from original client witnesses, affirming the statements they made in the affidavits that Defendants provided with their Motion to Transfer. (ECF No. 116 at 30, 33; ECF No. 119 at 1.)

As to Plaintiff's other arguments, they do cite any controlling decisions or data the Court overlooked in making its ruling. *See Shrader v. CSX Transp.*, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Specifically, Plaintiff has not pointed out anything the Court overlooked in its determination that the locus of operative facts is in California.  The Court is aware that venue in Connecticut would be proper in this case, but as discussed in the Ruling on Motion to Transfer, a Section 1404(a) movant need not show that the transferor venue is improper in order to obtain a transfer.  *See, e.g.*, *Joyner v. Toatley*, No. 85 Civ. 3071 (MJL), 1985 WL 3118, at *1 (S.D.N.Y. Oct. 17, 1985).  These other

arguments are an attempt to relitigate issues already decided, which is improper on a motion for reconsideration.  *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Finally, while Plaintiff argues that transferring the case to the Southern District of California does not actually make trial more convenient for the remaining client witnesses because none of them reside there, the majority do reside in California.  While California is a big state with multiple federal districts, it is undoubtedly more convenient for these witnesses to travel within the state than to travel across the country to Connecticut to testify.

Plaintiff's motion for reconsideration is GRANTED but the relief requested is DENIED.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　/s/　　　　　　　　　　　　　　　　　

　　　　　　　　　　　　　　　　Michael P. Shea, U.S.D.J.

Dated:         Hartford, Connecticut
               June 29, 2016